# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 95-40937
(Summary Calendar)
_____

GRAYLON E. HENDERSON,

                                        Plaintiff-Appellant,

versus

JAMES STEWART, Lt., Law Library,

Michael Unit; EDWIN K. ATCHISON, Lt.,

Security, Michael Unit; THOMAS MORGAN,

Correctional Officer, Michael Unit; PATSY STARK,

Correctional Officer; TRACI NORTON, Correctional

Officer, Michael Unit; WENDY M. WACKER, Mailroom

Supervisor, Michael Unit; SANDRA F. JACKSON, Indigent

Supply Officer, Michael Unit,

                                        Defendants-Appellees.

_____

Appeal from United States District Court
for the Eastern District of Texas
(6:95-CV-513)
_____

March 13, 1996
Before JOLLY, JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Henderson filed this suit claiming that the TDCJ had violated his civil rights in several ways. He later filed a motion for a Temporary Restraining Order (TRO), and a motion to supplement his original complaint, alleging verbal abuse and intimidation by another TDCJ officer not named in the original suit. At Spears' hearing, wherein Henderson consented to trial by the magistrate judge, Henderson's original claims were dismissed as frivolous pursuant to 28 U.S.C. §1815(d); his motion for a TRO was denied, as was his motion to supplement. Henderson appeals both holdings. Finding no abuse of discretion, we AFFIRM.

## DISCUSSION

A dismissal pursuant to §1915(d) is reviewed for abuse of discretion. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

*Denial of Access to the Law Library*

Henderson claims that upon his arrival at the Michael Unit, he submitted several requests to use the law library but was unable to gain access until another inmate showed him the proper access request form. Having gained admittance, he then contends that several of his library sessions were canceled due to delays in administrative and security procedures, even though substantial session time remained. An inmate must demonstrate injury in order to have an arguable claim for violation of his right to access to the courts. Mann v. Smith, 796 F.2d 79, 84 (5th Cir. 1986); Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989). Because Henderson does not complain that the library was inadequate and is unable to demonstrate any actual injury as a result of these snafus, the lower court's dismissal of this claim as frivolous was not an abuse of discretion.

*Confiscation of property*

Henderson claims that the defendants confiscated legal documents and personal photographs in a search of his cell, in violation of his constitutional rights. As he has shown no actual injury from the alleged confiscation of the documents, the lower court properly dismissed the portion of his claim relating to denial of access to the courts. Mann v. Smith, 796 F.2d at 84. He is barred from pursuing other claims pursuant to the confiscation of property in federal court because Texas has adequate

2

post-deprivation remedies for the confiscation of prisoner property. Thompson v. Steele, 709 F.2d 381, 383 (5th Cir.), cert. denied, 464 U.S. 897, 104 S. Ct. 248, 78 L. Ed. 2d 236 (1983).

*Mail delays and tampering with outgoing mail*

Henderson argues that his incoming and outgoing legal and personal mail was delayed, and that enclosures were removed from one of his outgoing legal letters, resulting in a denial of access to the courts and a violation of his First Amendment rights. Again, he has shown no injury, therefore, the dismissal of the denial of access claim was not an abuse of discretion. Mann, 796 F.2d at 84. Although inspection or censorship of inmate mail does not violate the First Amendment if the prison's actions are "reasonably related to a legitimate penological interest," a prisoner has a right to be free from completely arbitrary censorship of his outgoing mail. Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993), cert. denied, 114 S. Ct. 1081, 127 L. Ed. 2d 397 (1994).

Defendant TDCJ testified that while the mail room had been inefficient and problematic, the situation had been rectified by new operating procedures since the time that Henderson had allegedly experienced these problems. Henderson admitted that he had not had trouble with the mail room since the institution of the new procedures. As the delays and alleged loss of the enclosures were apparently the result of negligence, and not the result of prison policy, censorship, or a conspiracy against Henderson, the lower court did not abuse its discretion in dismissing this claim. Jackson v. Procunier, 789 F.2d 307, 312 (5th Cir. 1986).

*Retaliation*

In his original complaint, Henderson alleges that Officer Atchison retaliated against his filing of the instant suit by verbally abusing him and confiscating property from his cell. Although Henderson refers to some of the facts underlying this allegation, he has not presented any legal argument pertaining to the alleged instance of retaliation on appeal. Therefore, this issue is deemed abandoned. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

In his motion to file an amended complaint, Henderson alleged that Officer McCauley threatened him, and he requested a Temporary Restraining Order (TRO) against McCauley. In his

objections to the lower court's preliminary report denying both motions, Henderson alleged that two inmates had attacked him at McCauley's request, and that he had been seriously injured in the attack.

The relief requested was more in the nature of a motion for a preliminary injunction than a TRO because the relief, had it been granted, would have exceeded a TRO's ten day limit. The denial of a preliminary injunction is reviewed for abuse of discretion. Lakedreams v. Taylor, 932 F.2d 1103, 1107 (5th Cir. 1991). A careful review of the record shows that the lower court did not abuse its discretion in denying the injunction because Henderson failed to demonstrate any of the four factors mandated by Lakedreams as justifying the grant of such an injunction.

Henderson mischaracterized his motion as an amended complaint, when in fact it was a motion to supplement his original complaint because it set forth occurrences or events which happened since the filing of his original complaint. Fed. R. Civ. P. 15(d). The court has the discretion to determine whether it will permit a supplemental pleading. Fed. R. Civ. P. 15(d). "In general, an application for leave to file a supplemental pleading is addressed to the discretion of the court and should be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." 6A Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice And Procedure §1505 (1990).

The lower court noted that the proposed supplement concerned a defendant not named in the original complaint, and the only connection between the two complaints was Henderson's allegation that McCauley's actions were in retaliation for his filing the original suit. The lower court denied the motion, explaining that to allow supplementation would cause undue delay in the adjudication of such cases. The court further suggested that the allegations against Officer McCauley would be better dealt with in a separate lawsuit. Because of the Texas two-year statute of limitations, the denial of the motion to supplement does not prohibit Henderson from addressing these claims in another lawsuit. See Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989). Thus, the lower court did not abuse its discretion in denying Henderson's motion to supplement. AFFIRMED.

4